UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CARRILLO VICTORIANO,<br>Petitioner,<br>v.<br>KRISTI NOEM, et al.,<br>Respondent. | Case No.: 26cv4316-LL-DDL<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 1] |

Before the Court is Petitioner Antonio Carrillo Victoriano's second Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner filed his first Petition on May 8, 2026. *See Carrillo Victoriano v. Noem*, 3:26-CV-00695-LL-DDL, ECF No. 1 (S.D. Cal. Feb. 4, 2026). On February 18, 2026, the Court ordered Respondent to provide Petitioner with a bond hearing. *Id*. at ECF No. 7 (S.D. Cal. Feb 18, 2026). Petitioner received a bond hearing before an Immigration Judge ("IJ") on February 23, 2026, and the IJ denied Petitioner's bond based on danger to the community. ECF No. 1-2 at 15. Petitioner reserved appeal but ultimately did not appeal the IJ's order to the Board of Immigration Appeals ("BIA"). ECF No. 8 at 2.

On July 28, 2026, Petitioner filed the current Petition. ECF No. 1. The body of the second Petition is identical to the first Petition; the only difference is the declaration of Petitioner's counsel that was added to the second Petition, seemingly updating the Court of Petitioner's immigration proceedings. *Id*. Respondents argue that Petitioner's second Petition must be dismissed as an abuse of writ and because Petitioner has not exhausted his administrative remedies. ECF No. 8 at 1–6. The Court agrees.

"[A] successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citing *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991); *Sanders v. United States*, 373 U.S. 1, 15 (1963)). The government bears the burden of pleading abuse of the writ. *McCleskey*, 499 U.S. at 477.

Here, Petitioner failed to demonstrate any cause for bringing a successive petition or that a fundamental miscarriage of justice would result from failing to entertain his identical claim. Thus, the Court finds that Petitioner's second Petition is largely duplicative of his prior petition and does not show that he is entitled to the requested relief. *See e.g.*, *Fierros Pedroza v. Warden, Otay Mesa Detention Center, et al.*, No. 26-cv-00892 BJC-VET, ECF No. 6 (dismissing Petitioner's successive petition because Petitioner was granted the relief he sought in first petition and the second petition raised identical grounds for relief.).

In addition, the Court finds that Petitioner has failed to exhaust administrative remedies. In her declaration, Petitioner's counsel states that "IJ Stuart Zander denied his bond request based on danger to the community for a conviction that had occurred 12 years before." ECF No. 1-2 ¶ 10. "If the non-citizen disagrees with the IJ's bond determination . . . , he may also 'appeal the IJ's bond decision to the BIA.'" *Hernandez v. Sessions*, 872 F.3d 976, 983 (9th Cir. 2017) (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008)). Here, however, Petitioner did not appeal the IJ's order to the BIA, even after

initially reserving appeal. Moreover, neither Petitioner nor Petitioner's counsel alleges any basis for waiving Petitioner's failure to exhaust administrative remedies.

Accordingly, the Court **DENIES** the second Petition. The Clerk of Court shall close this matter.

**IT IS SO ORDERED.**

Dated: August 25, 2026

Honorable Linda Lopez
United States District Judge